IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


GERRAL SCHRAY STUART                                                          PLAINTIFF

v.                                              Civil No.: 4:17-CV-04120

OFFICER CALDWELL and CORPORAL                                              DEFENDANTS
BROWN


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

Currently before the Court is Defendants' Motion to Dismiss this case.  (ECF No. 28).

### I.  BACKGROUND

On July 25, 2018, Defendants filed a Motion to Compel seeking an Order compelling

Plaintiff to respond to Defendants' First Set of Interrogatories and Request for Production of

Documents, including a Medical Authorization. (ECF No. 25).  In their Motion, Defendants state

they first served the discovery requests on Plaintiff on April 23, 2018. On June 12, 2018,

Defendants then sent correspondence to Plaintiff asking him to respond to the past-due discovery

request and informing him they would file a Motion to Compel if he failed to respond. Plaintiff

did not respond.  (*Id.*).

On July 26, 2018, the Court entered an Order granting Defendants' Motion.  (ECF No. 27).

In the Order, Plaintiff was directed to provide the requested discovery responses by August 16,

1

2018. Plaintiff was advised that failure to provide his responses by the deadline could result in the summary dismissal of his case. (*Id*.).

On August 30, 2018, Defendants filed their Motion to Dismiss, stating Plaintiff had not provided the court-ordered discovery responses. (ECF No. 28 at 1). Defendants further note Plaintiff has not communicated with the Court since February 5, 2018. (*Id*.)

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),

I recommend that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of September 2018**.

/s**/** Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE